UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL TARVER, | ) | |
| | ) | Case No. 5:06-CV-00444 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE ANN ALDRICH |
| | ) | |
| DAVID BOBBY, Warden, | ) | Magistrate Judge Patricia Hemann |
| | ) | |
| Respondent. | ) | |
| | ) | MEMORANDUM AND ORDER |
| | ) | |
| | ) | |

Before the court is petitioner Paul Tarver ("Tarver")'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Docket No. 1]. The petition was referred to Magistrate Judge Hemann for a report and recommendation ("R&R"), which was filed in July 2006 [Docket No. 13]. Magistrate Judge Hemann recommended that Tarver's petition be dismissed because his claim for relief had been procedurally defaulted, and no cause or prejudice had been shown to excuse the default. Tarver has filed objections to the R&R [Docket No. 15]. For the following reasons, the court adopts the R&R's findings in full, overrules Tarver's objections, and denies Tarver's petition.

**I.     Introduction**

In October 2002, Tarver was convicted in a jury trial on one count of complicity to commit felonious assault with a firearm, and one count of complicity to commit aggravated murder with a firearm. The charges arose out a shooting where both Tarver and a woman were both shot by an assailant who escaped. The woman was pregnant with Tarver's child at the time, and Tarver had expressed his desire for the woman to have an abortion and his dissatisfaction with the woman's decision to have the baby. The assailant shot the woman three times in the abdomen, leading to the

death of the fetus; Tarver was shot once in the foot.  At his trial, the prosecution introduced testimony, based on the shell casings recovered from the firearm at the scene, that the weapon used to assault Tarver and the woman had been used in another crime in February 2002, then sold three times, finally ending up in the possession of Tyrone Howard ("Howard"), one of Tarver's co-workers.  Howard testified that he purchased the firearm after Tarver told him he was looking to buy a firearm.

Tarver was sentenced to a term of 31 years to life imprisonment in November 2002.  Tarver then appealed his conviction alleging nine assignments of error.  In December 2003, the state appellate court affirmed in part and reversed in part the judgment of conviction and sentence and remanded for resentencing.  The state trial court again imposed a term of imprisonment of 31 years to life in March 2004.  Tarver appealed again, but the Ohio appellate court affirmed his sentence in October 2004.  Tarver then appealed to the Ohio Supreme Court, which declined jurisdiction and dismissed his appeal in March 2005.

In April 2004, Tarver filed a petition for state post-conviction relief, raising the argument that Frank Wilson ("Wilson"), who had not testified at Tarver's criminal trial, but who was a link in the prosecution's theory regarding Tarver's connection to the firearm used in the assault.  Wilson, who sold the firearm to Howard, allegedly would have called into question the testimony of the witnesses the prosecution did call.  The state trial court denied Tarver's petition in December 2004 as untimely under Ohio law, and that judgment was affirmed by the state appellate court in June 2005; the Ohio Supreme Court declined jurisdiction in November 2005.  Tarver then filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court in February 2006, claiming that the evidence admitted against him at his criminal trial violated the Confrontation Clause in the Sixth Amendment of the Constitution.

## II. Discussion

Federal Rule of Civil Procedure 72(b) requires this Court to review *de novo* any portion of the Magistrate Judge's disposition to which specific objections have been made. Accordingly, Local Rule 72.3 (b) requires that objections "specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for such objections." A District Judge "shall make *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." *Id.*

On the question of procedural default, the court applies the familiar four-part *Maupin* test. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). Under *Maupin*, the court must determine: (1) if there is a state procedural rule that applies and petitioner failed to comply with that rule; (2) if the state court actually enforced the state procedural sanction; (3) if the state procedure ground is an "independent and adequate" ground to refuse review; and (4) if there is no cause and prejudice to excuse the default. *Id.* In the R&R, Magistrate Judge Hemann found that Tarvar had failed to comply with an applicable state procedural rule, that the state courts enforced the procedural sanction, that the state ground was "independent and adequate", and that Tarver had failed to demonstrate cause and prejudice to excuse the default. In his objections, Tarver challenges the finding that he failed to comply with the state procedural rule, and challenges the finding of no cause or prejudice. Tarver does not challenge the findings regarding the second and third prongs of the *Maupin* test, and the court adopts the R&R's findings that the state court actually enforced procedural sanctions to reject Tarver's claims, and that the state procedural grounds are "independent and adequate."

On the first *Maupin* prong, Tarver challenges the R&R's finding that his state post-conviction petition, where he first raised the claim, was untimely filed. Ohio Revised Code § 2953.21(A)(2) requires that a petition for post-conviction relief be filed within 180 days after the trial transcript is filed with the Ohio Court of Appeals on direct appeal. Tarver admits that his filing was outside of the 180 day limit, but argues that the exception to the limit in Ohio Revised Code § 2953.23(A) should have and does apply. That exception allows a petition to be filed after the 180 day limit if (a) discovery of the facts underlying his claim was unavoidably prevented *or* the U.S. Supreme Court recognized a retroactive right applicable to the petition, *and* (b) the petitioner shows by clear and convincing evidence that, but for the error at trial, no reasonable factfinder would have found him guilty. Tarver argues strenuously that *Crawford v. Washington*, 541 U.S. 36 (2004) a Supreme Court case concerning the Confrontation Clause should be applied retroactively to his claims, entitling him to the exception in § 2953.23(A). However, Tarver has not raised any evidence, much less clear and convincing evidence, that but for the admission of Wilson's statements at trial, no reasonable factfinder would have convicted him, to meet the second requirement of § 2953.23(A). Therefore, this court finds that Tarver has not demonstrated that he did, in fact, comply with the procedural rule in question, and also finds that his state post-conviction petition was in fact untimely. Tarver's objection relating to the first *Maupin* prong is overruled.

On the fourth *Maupin* prong, Tarver argues that he has in fact shown cause for and prejudice generated by the erroneous admission of Wilson's statements without giving Tarver a chance to cross-examine him. The court initially notes that, according to the record, much of the testimony of the police officer and of Howard were not of Wilson's *statements* but instead of his *actions*, which would not be subject to the limitations of the Confrontation Clause, even under *Crawford*. However, the court finds

that based upon the testimony from Howard and the police officer properly admitted during Tarver's criminal trial, no prejudice arose. Even if Wilson had testified, a reasonable factfinder still would have been able to find Tarver guilty – the error, if there was one, was harmless. *See Ford v. Curtis*, 277 F.3d 806, 810-11 (6th Cir. 2002) (citations omitted). Without prejudice, the court cannot excuse Tarver's procedural default. Therefore, the court overrules Tarver's objection relating to the fourth *Maupin* prong.

As Tarver has not challenged the R&R's findings with respect to the second and third *Maupin* prongs, and the court has overruled his objections to the first and fourth prongs, the court adopts the R&R's conclusion that Tarver's claim is procedurally defaulted in its entirety and denies Tarver's petition.

### III. Conclusion

For the foregoing reasons, the court adopts the R&R [Docket No. 13] in its entirety, denies Tarver's petition [Docket No. 1], and dismisses this action. This order is final, but not appealable, as the court certifies pursuant to 28 U.S.C. § 2253(c)(2) that Tarver has not made a substantial showing of the denial of a constitutional right, and declines to issue a certificate of appealability for this order.

IT IS SO ORDERED.

    /s/ Ann Aldrich
ANN ALDRICH
UNITED STATES DISTRICT JUDGE

**Dated: March 26, 2007**